6IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>JACQUELINE COLLINS,<br><br>                   Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>Case No. 2:17-CR-456 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Compassionate Release. Defendant seeks to modify her sentence to time served and be sentenced to supervised release.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

In this case, Defendant is not in custody and, therefore, cannot attempt to exhaust her administrative rights or petition the warden. At least one court has found that the exhaustion

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

requirement was met under similar circumstances.[2]  The Court need not decide whether it has the authority to grant Defendant's request because Defendant has failed to demonstrate extraordinary and compelling reasons to support her request.

The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[3]  Relevant here, the Sentencing Commission has stated that family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," may constitute an extraordinary and compelling reason for release.[4]

Here, Defendant and her co-Defendant—Landry Renzaho—are the primary caregivers of Defendant's children, some of whom suffer from serious medical issues.  Defendant and Mr. Renzaho were given staggered sentences so that one of them would be able to care for the children while the other was in custody.  Defendant claims that, due to COVID-19, she is essentially the only caretaker for her children.  In support, Defendant argues that Mr. Renzaho has tuberculosis and, "[a]s a result, he is extremely susceptible to not only contracting Covid-19, but to succumb to Covid-19 if he were to contract it."[5]  Defendant further argues that Mr. Renzaho is unemployed and cannot be employed due to his medical condition.  In sum,

---

[2] *United States v. Lopez*, Case No. 18-CR-2846 MV, 2020 WL 2489746, at *2 (D. N.M. May 14 2020) (concluding "that because Mr. Lopez has no way to apply to compassionate release through the BOP, he has satisfied § 3582(c)(1)(A)'s exhaustion requirement and is eligible to apply for relief in this Court").

[3] 28 U.S.C. § 944(t).

[4] U.S.S.G. § 1B1.13, Application Note 1(C)(i).

[5] Docket No. 270, at 10.

Defendant argues that "it is impossible for Mr. Renzaho to alone care for the children and their unique health impediments while also keeping himself safe."[6]

Defendant provides no evidence to support her statements regarding Mr. Renzaho's medical condition or his alleged increased susceptibility to contract COVID-19 or suffer a severe outcome should he contract it. The Presentence Report prepared for Mr. Renzaho indicated that he was in good physical health and made no mention of a diagnosis of tuberculosis. Further, the Centers for Disease Control and Prevention does not list tuberculosis as creating a higher risk for severe illness from COVID-19. Similarly, the evidence before the Court suggests that Mr. Renzaho is capable of supporting and caring for Defendant's children.[7] While the current pandemic will surely add challenges to what is admittedly a difficult situation, those challenges are not unique to Defendant or Mr. Renzaho.

It is therefore

OREDERED that Defendant's Motion for Compassionate Release (Docket No. 70) is DENIED WITHOUT PREJUDICE.

DATED this 6th day of November, 2020.

BY THE COURT:

Ted Stewart
United States District Judge

---

[6] *Id.*

[7] *See* Docket No. 226, at 4–5 (stating that Mr. Renzaho was working and providing for the children).

3